IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

OCT 17 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DAVID BITTON,
Reg. No. 70189-004
Federal Prison Camp
601 McDonough Boulevard, S.E.
P.O. Box 150160
Atlanta, GA. 30315-0160

    Plaintiff,

v.

ALBERTO GONZALES, Attorney General
U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue, N.W.
Washington D.C. 20530;
HARLEY G. LAPPIN, Director,
Federal Bureau of Prisons
320 First Street, N.W.
HOLC Building
Washington D.C. 20534;
SUSAN VAN BAALEN, Chief Chaplain,
Federal Bureau of Prisons
320 First STREET, N.W.
HOLC Building
Washington D.C. 20534;

    Defendant.
_____/

CASE NUMBER  1:05CV02045

JUDGE: John D. Bates

DECK TYPE: Pro se General Civil

DATE STAMP: 10/17/2005

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, David Bitton hereby files this his Complaint for Declaratory Judgment and alleges as follows.

    I.    PARTIES

    1.    David Bitton is a citizen and subject of the State of Florida, currently confined to the Federal Bureau of Prisons, Atlanta, Georgia.

    2.    Alberto Gonzales is the Attorney General of the United States of America, and is charged with and has affirmatively

II.  JURISDICTION AND VENUE

5.  Jurisdiction is invoked pursuant to the First Amendment of the United States Constitution.

6.  Jurisdiction is invoked pursuant to the Religious Freedom Restoration Act, Title 42 U.S.C. §§2000bb, et. seq. (RFRA); and the Relious Exercise in Land use and by Instittuionalized Persons Act, Title 42 U.S.C. §§2000cc, et. seq., (RLUIPA).

7.  Jurisdiction is invoked pursuant to the Administrative Procedures Act, Title 5 U.S.C. §§701, et. seq., (APA).

7.  Jurisdiction is invoked pursuant to Title 28 U.S.C. §1331 as there is a federal question in controversy.

9.  Venue is proper pursuant to title 28 U.S.C. §1391(e).

III.  FACTUAL ALLEGATIONS

10.  Plaintiff David Bitton is an Orthodox Jewish inmate.

11.  Plaintiff has practiced the Orthodox Jewish faith his entire life.

12.  Plaintiff is not properly classified in the BOP due to the fact that his religious orthodoxy requires a minion for the prayers of reading the Torah Scroll and the institution in which the Plaintiff is incarcerated has no Torah and does not have ten male members of the Othodox Jewish faith (Minion).

-3-

13. Plaintiff has requested religiously adherent meals under Kosher standards.

14. The defendants provide menus commonly known as "Common Fare" based upon a two week menu cycle providing mainly raw vegetables, and a meat or protein entree' for each meal.

15. Defendants provisions of the religious dietary meals fail to meet Kosher standards.

16. In the Federal Prison Camp, Atlanta, Georgia, the defendants do not provide Kosher meals, the preparation area is infested with insects, does not have adequate refrigeration, does not have adequate sanitizing facilities, and the meals are not prepared in a manner consistent with the provisions of Kosher standards.

17. Defendants have served meals labeled as Kosher that have had the package broken open and the entree' served was acrid and had green mold on it infecting the chicken quarter.

18. Defendants do not provide Kosher bread nor bread that is parve'; and when so provided is done so sporadically.

19. Defendants have been aware of these problems, and have been made aware of these problems on numerous occassions, related to the provision of Kosher meals and the inadequacies of the food service department; especially for the fact of the facility not providing adequate refrigeration that has caused food poisoning

of inmates on or about September 5, 2005, due to the facilities department personnel not repairing refrigeration units, and not repairing food service equipment that is inoperable.

20. Plaintiff must purchase his own food items out of the inmate commissary which provides very limited items that are Kosher.

21. Items are available for Kosher consumption in inmate commissaries but the Federal Prison Camp, Atlanta, Georgia does not provide complete Kosher meals similar to other facilities that provide a minimum array of full Kosher meals.

22. During the month of October, 2005 the food service department and the local chaplaincy permitted the Plaintiff to take his common fare tray with unprepared vegetables to be prepared in the inmate's cubicle.

23. On the eve of the High Holy Days (Rosh Hashana) the Defendants and the local food service personnel took retribution against the Plaintiff and informed him he could not take the unprepared food from food service to prepare himself in a Kosher fashion.

24. Acting on the ve of the High Holy Days the BOP personnel knew that the Plaintiff would not be able to contact family or friends as the family and friends were observing the High Holy Days and therefore Plaintiff during the Rosh Hashana period was unable to eat any other food items other then those

-5-

items purchased through the inmate commissary. The only items provided to the Plaintiff was Kosher dinner rolls and honey.

25. Defendants do not provide subsistence commensurate with the dictates of the Plaintiffs faith.

26. At sentencing the sentencing Court in its judgment and commitment order specifically recommended that the Plaintiff be housed at the Federal Prison Camp, Miami, Florida due to religious reasons.

27. Plaintiff in over the last six months has attempted on numerous occassions to request that the defendants provide Kosher meals, prepared in a Kosher manner, with properly refrigerated, and prepared food in a sanitary manner.

28. On or about September, 2005, the contract Rabbi Rabbi lerman again met with local food service BOP personnel and advised them of the completely unacceptable manner in which the Kosher food was provided.

29. Food Service personnel have said that three plastic tubs will be provided for sanitizing similar to the use of a bucket, but did not address the entire provisions as a whole that have not met with Kosher standards.

30. Local food service personnel and mechanical services personnel do not provide proper facilities for the preparation and compliance with Kosher standards.

31. On or about October 5, 2005 Correctional Officer Parsons was discussing with Cook Foreman Durrance the fact that Parsons had just prohibited Plaintiff from taking his Common Fare meals to his dormitory for Kosher preparation; Durrance attempted to explain to Parsons the problems with complying with Common Fare guidelines at the Federal Prison Camp; Parsons became adamant about allowing Plaintiff to prepare his meals in a manner consistent with Kosher foods.

32. On or about October 5, 2005 Correctional Officer Parsons made derogatory statements about the Jewish faith to Cook Foreman Durrance. These statements consisted of Officer Parsons informing Durrance that he would get the Plaintiff and would lock him up at the first opportunity inferring to Durrance that Officer Parsons was intending to take retribution against the Plaintiff due only to his faith, his request to obtain Kosher food and to practice his faith.

33. As a manner and means of complying with Kosher rules in the Passover, 2005 the defendants issued a National Memorandum advising all Chief Executive Officers to allow Jewish inmates to take their Common Fare trays to their respective dormitories if the inmate so requests in order to comply with Kosher requirements.

IV. CLAIMS

COUNT I
VIOLATION OF FIRST AMENDMENT RIGHT

34. Paragraphs 1-33 are hereby incorporated by reference as if set forth at length herein.

-7-

35. Defendants have failed and/or refused to allow the Plaintiff to comply with the dictates of his faith by maintaining Kosher eating habits, performing rituals at prescribed times, and have refused to comply with the Constitutional requirements of allowing the Plaintiff to maintain his faith as an Orthodox Jewish inmate.

## COUNT II
### VIOLATION OF RELIGIOUS FREEDOM RESTORATION ACT

36. Paragraphs 1-35 are hereby incorporated by reference as if set forth at length herein.

37. Defendants have substantially burdened the practice of Plaintiffs Orthodox Jewish faith by refusing and/or failing to allow the Plaintiff to comply with the Kosher requirements of his faith as defendants have not provided subsistence to the Plaintiff under Kosher standards, have deprived the Plaintiff of consuming food in a Kosher standard, have threatened to take retaliatory and retributive actions against the Plaintiff due only to his faith as an Orthodox Jewish inmate.

## COUNT III
### VIOLATION TO THE RELIGIOUS EXERCISE IN LAND USE AND BY INSTITUTIONALIZED PERSONS ACT

38. Paragraphs 1-37 are hereby incorporated by reference as if set forth at length herein.

39. Defendants have prevented, burdened, and/or otherwise prohibited Plaintiff from practicing his Orthodox Jewish faith

-8-

have failed to correctly classify the Plaintiff or assign him to an institution in the BOP that can comply with the dictates of the Orthodox Jewish faith nothwithstanding his, Plaintiff's families, and friends efforts to bring these problems to the attention of the defendants on repeated occassions, have informed the defendants of the deficiencies, failures and/or refusal by the Federal Prison Camp to comply with the Constitution, the law, regulation, and policy in providing Kosher meals to the Plaintiff, have threatened to take retribution against the Plaintiff for the practice of his faith by using apparent legal resources for retribution against the Plaintiff, have refused to make minor changes with a de minimis impact to correct the procedures which defile the food and practice of the Plaintiff's faith; and, have failed and/or otherwise refused to comply with the requirements of Jewish law in providing Kosher food and allow the practice of the faith even after having been told by independent Rabbi Lerman of the absolute unacceptable procedures being used to currently prepare and provide meals labeled as Kosher when in fact in practice the meals are not prepared, stored, or served in a Kosher or food safety standards nor properly refrigerated as the defendants do not repair equipment that falls into disrepair.

COUNT IV
VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

40.  Paragraphs 1-39 are hereby incorporated by reference as if set forth at length herein.

41. Defendants have published and implemented regulation and procuedure that direct that the BOP comply with the provisions of Orthodox Jewish faith in providing Kosher meals to inmates whose religious dietary standards require Common Fare meals; these regulations and policies require defendants to provide these meals to allow the practice of the Orthodox Jewish faith, defendants have refused or otherwise refused to provide religiously adherent meals to the plaitniff, have deprived him of the protection of federal regulation protecting Plaintiff's faith and have not complied with the defendant's own published regulations.

## NO OTHER AVAILABLE OR ADEQUTE REMEDY AT LAW

Plaintiff has no other available or adequate remedy at law available to him to protect his practice of the Orthodox Jewish faith; as administrative remedies relating to the compliance with Kosher standards have been exhausted, informal attempts to correct the improper storage, preparation and serving of food in a Kosher manner have been attempted on numerous occassions by inmates and by independent Rabbis of the Chabad Center in Atlanta, Georgia, and all other oral communications have failed to correct these deficiencies which have resulted in threats, or use of legal procedures against the Plaintiff as retribution for the practice of his Orthodox jewish faith using legal recourse to intimidate Plaintiff as a ruse to take retribution against the Plaintiff; absent a Declaratory Judgment of the Court Plaintiff has no other available adequate remedy at law.

V.   REQUEST FOR RELIEF

Plaintiff hereby demands judgment against the defendants declaring:

1. Defendants practices, policies and procedures to be in violation of the First Amendment of the United States Constitution;

2. Defendants practices, policies and procedures to be in violation of the Religious Freedom Restoration Act, Title 42 U.S.C. §§2000bb, et. seq.,

3. Defendants practices, policies and procedures to be in violation of the Religious Exercise in Land Use and By Institutionalized Persons Act, Title 42 U.S.C. §§2000cc, et. seq.,

4. Defendants practices, actions, in violation of the Administrative Procedures Act, Title 5 U.S.C. §§701, et. seq., in that defendants have failed and/or refused to comply with 28 C.F.R. §524, et. seq., by properly classifying Plaintiff to an apprpriate institution that complies with the comports of the Orthodox Jewish faith;

5. Defendants practices, actions in violation of the Administrative Procedures Act, Title 5 U.S.C. §§701, et. seq., in that defendants have failed and/or refused

-11-

comply with 28 C.F.R. §§547, 548 et. seq., by providing subsistence in a diet nutritionally adequate under Kosher standards, stored under proper refrigeration, served under appropriate temperatures under food safety guidelines, commensurate with the provisions of Kosher standards, free from harmful bacteria, or pathogens;

6. Defendants practices, and threats of the use of retribution using legal means as a ruse to exact possible retribution to be unlawful, or otherwise in violation of equal protection or due process principles;

7. Defendants shall pay all costs of action, inclusive of attorneys fees; and,

8. Any other and further relief the Court may deem just and appropriate to correct the allegations herein.

Respectfully submitted,

DAVID BITTON
Reg. No. 70189-004
Federal Prison Camp
601 McDonough Boulevard, S.E.
P.O. Box 150160
Atlanta, GA. 30315-0160

Dated: OCT-6-05

_____
DAVID BITTON

VERIFICATION

I HEREBY CERTIFY under the penalties provided for perjury that the foregoing is true and correct and pursuant to the provisions of Title 28 U.S.C. §1746.

Executed this 6th day of October, 2005, in Fulton County, Atlanta, Georgia.

_____
DAVID BITTON

DAVID BITTON
Register Number 70189-004
Federal Prison Camp
Federal Bureau of Prisons
601 McDonough Boulevard, S.E.
P.O. Box 150160
Atlanta, GA. 30315-0160