THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID BITTON** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 05-2045 (JDB) |
| | ) |
| **ALBERTO GONZALES, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT'S MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendant respectfully moves this Court on behalf of the Federal Bureau of Prisons ("BOP"), U.S. Department of Justice ("DOJ"), pursuant to Fed. R. Civ. P. 12(b)(3), and (6), to dismiss the Complaint. In the alternative, should the Court deny defendant's motion to dismiss, the Court should grant defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406 for transfer of the above captioned civil action to the Northern District of Georgia because venue does not lie with this Court and the transfer would promote the interests of justice.

In support of this motion, Defendant submits a Memorandum of Points and Authorities and the attached declaration of Marli J.P. Kerrigan, Assistant General Counsel for the Federal Bureau of Prisons in Washington, D.C.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

Supporting and opposing affidavits shall be made on personal

> knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Because this is a dispositive motion, and because Plaintiff is an incarcerated *pro se* litigant, Defendants' counsel has not conferred with Plaintiff regarding the motion. See LCvR 7(m).

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney

/s/
KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID BITTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 05-2045 (JDB) |
| ) | |
| ALBERTO GONZALES, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT'S STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY,
<u>TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA</u>**

Defendant Bureau of Prisons ("BOP") hereby presents the following points and authorities in support of its motion to dismiss this action pursuant to Rule 12(b)(3), and (6) of the Federal Rules of Civil Procedure. This memorandum also supports defendant's alternative argument that this matter should be transferred pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406 for transfer of the above captioned civil action to the Northern District of Georgia because venue does not lie with this Court and the transfer would promote the interests of justice.

**BACKGROUND**

Plaintiff, a federal inmate, David Bitton, Register Number 70189-004, is currently incarcerated at the Federal Prison Camp in Atlanta, Georgia (FPC Atlanta). Declaration of Marli J.P. Kerrigan,("Kerrigan Decl.") ¶ 2, Assistant General Counsel for the Federal Bureau of Prisons in Washington, D.C. <u>Id.</u> at ¶ 1. BOP's records reflect plaintiff is currently serving an aggregate 95-month federal term of imprisonment for conspiracy to possess with intent to distribute and possession with intent to distribute methylenedioxymethamphetamine, in violation

of 21 U.S.C. §§ 846, 841. Kerrigan Decl. ¶ 2. Plaintiff's projected release date is August 25, 2010. Id.

Plaintiff seeks a declaratory judgment against BOP for violating the First Amendment, the Religious Freedom Restoration Act, the Religious Land Use and Institutionalized Persons Act, and the Administrative Procedure Act by prohibiting him from fully practicing his faith. See Plaintiff's Complaint for Declaratory Judgment ("Complaint") at ¶¶ 34-41. Specifically, Plaintiff alleges that BOP failed to provide him adequate Kosher meals, access to the Torah and prayer with a minion. See Complaint at ¶¶ 12-24. Plaintiff seeks relief in the form of declaratory judgment, attorneys fees and costs, and further relief the Court may deem just and appropriate to correct the allegations. See Complaint, Request for Relief at ¶¶ 1-8.

## II.  STANDARD OF REVIEW

A motion to dismiss may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court is to treat the complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir.1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16

F.3d 1271, 1276 (D.C. Cir. 1994)).

### III.  ARGUMENT

#### A.  Plaintiff Has Failed to Exhaust His Administrative Remedies Under the Prison Litigation Reform Act

Plaintiff failed to exhaust available administrative remedies, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, Section 803, 110 Stat. 1321, codified at 42 U.S.C. § 1997e, before bringing this lawsuit.  For that reason, his claims must be dismissed with prejudice.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Plaintiff's lawsuit, brought under the First Amendment, the Religious Freedom Restoration Act, the Religious Land Use and Institutionalized Persons Act, and the Administrative Procedure Act, clearly qualifies as an action brought under "any other Federal law."  Further, there is no doubt that Plaintiff's claims relate to prison conditions.  The Supreme Court has identified two basic types of prisoner suits: "(1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Porter v. Nussle, 534 U.S. 516, 526 (2002) (internal quotation marks and citations omitted).  Section 1997(e)'s exhaustion requirement applies to the latter, for the Supreme Court has read the exhaustion requirements broadly to include "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Id. at 532.  Here, Plaintiff's action challenges the "conditions" under which he is

confined. Specifically, Plaintiff alleges that his is not receiving adequate kosher meals, access to the Torah, and prayer with a minion. Thus, Plaintiff's claims are governed by the PLRA's exhaustion requirement.

While not jurisdictional, see <u>Ali v. District of Columbia</u>, 278 F.3d 1, 5-6 (D.C. Cir.2002), the PLRA's exhaustion requirement nevertheless is mandatory. See <u>Booth v. Churner</u>, 532 U.S. 731, 737 (2001). As explained recently by the U.S. Supreme Court:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. <u>Booth</u>, 532 U.S. at 737. In other instances, the internal review might "filter out some frivolous claims." <u>Ibid.</u> And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

<u>Id.</u> at 524-25. The prisoner's duty to exhaust administrative remedies includes a duty to exhaust any procedures available for the appeal of adverse decisions or grievances deemed denied because of inaction on the part of the corrections system. <u>Wendall v. Asher</u>, 162 F.3d 887, 890-92 (5th Cir. 1998). Moreover, the exhaustion requirement is a prerequisite to suit for money damages even where the administrative-remedy system does not itself provide for money damages. <u>Booth</u>, 532 U.S. at 741.

The BOP has an administrative remedy procedure under 28 C.F.R. § 542.10-542.18 to review any complaint regarding an inmate's confinement.

> The first two steps require that the complainant first attempt to informally resolve the claims and, if unsuccessful, submit a remedy request to the warden. 28 C.F.R. § 542.13(a); 28 C.F.R. § 542.14(a). Only after pursuing these two steps at the institutional level should the prisoner appear to the BOP Regional Director, 28 C.F.R. § 15(a), and only after completing all four steps of the process has the

prisoner in fact exhausted his administrative remedies.  See Jackson v. District of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001).

Jeanes v. U.S. Dept. of Justice, 231 F.Supp. 2d 48, 50 (D.D.C. 2002).  See Kerrigan Decl. at ¶ 3.  The purpose of the PLRA exhaustion requirement is to relieve "courts of the burden of lawsuits filed before prison officials have had an opportunity to resolve prisoner grievances on their own."  Jackson v. District of Columbia, 254 F.3d at 269.

The attached declaration of Marli J.P. Kerrigan establishes that Plaintiff failed to exhaust his administrative remedies.  He has not filed and appealed through each level of review any administrative remedy regarding BOP's alleged failure to provide him Kosher meals or any other alleged infringement on the practice of his Orthodox Jewish faith.  See Kerrigan Decl. at  ¶ 4-5.  Plaintiff *only* has filed an administrative remedy regarding his religious diet at the institution level.[1]  See Kerrigan Decl. at ¶ 5.  The Warden denied the request for administrative remedy on December 14, 2005.  See Response to Administrative Remedy (attached hereto).  Therefore, plaintiff has not complied with the PLRA mandatory exhaustion requirements regarding the claims brought in this lawsuit and the Court should dismiss his complaint.[2]

---

[1] If plaintiff is not satisfied with the warden's response, he has 20 days to appeal to the Regional Director.  See 28 C.F.R. § 542.15(a).

[2] The failure to exhaust available administrative remedies requires dismissal.  However, how that dismissal is accomplished procedurally remains an issue of dispute among the circuits and has not been definitively addressed by the District of Columbia Circuit.  Some circuits have specifically held that failure to plead exhaustion constitutes a failure to state a claim under Rule 12(b)(6).  See, e.g., Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000); Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).  Other courts have instead dismissed cases for failure to exhaust based directly on the PLRA, which has been held to supercede the federal rules of civil procedure with respect to prison litigation and provide independent authority to dismiss.  See, e.g., Baxter v. Rose, 305 F.3d 486, 489-90 (6th Cir. 2002).  Alternatively, the Ninth Circuit recently held that the failure to exhaust administrative remedies should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion.  See Wyatt v. Terhune, 315 F.3d 1108, 1119-

### B. Alternatively, Venue for Plaintiff's Injunctive Relief Claim Should Be Transferred To The Northern District of Georgia

In the event this Court declines to dismiss Plaintiff's request for declaratory relief for failure to exhaust administrative remedies, Defendants request transfer of venue in this case to the jurisdiction of Plaintiff's incarceration (Northern District of Georgia) pursuant to Title 28 U.S.C. § 1404 and the decision in Starnes v. McQuire, 512 F.2d 918, 925 (D.C.Cir. 1974) (en banc). In Starnes, the Court of Appeals recognized that federal prisoner litigation, while perhaps technically permissible in the D.C. venue, may be more conveniently litigated in the prisoner's district of confinement.[3] Factors to consider in prisoner litigation which may warrant a change of venue include: (1) the prisoner plaintiff's difficulty of communicating with legal counsel, id. at 929-30; (2) difficulty in transferring the prisoner, id. at 930-31;[4] (3) availability of witnesses and files, id.

---

20 (9th Cir. 2003).

      The D.C. Circuit, however, has not adopted a particular procedure in dismissing suits for failure to exhaust administrative remedies. In Jackson v. District of Columbia, 254 F.3d 262 (D.C. Cir. 2001), the D.C. Circuit vacated the district court rulings on the merits of an inmate's complaint and remanded the case with instructions to dismiss without prejudice for failure to exhaust. The district court had ruled that PLRA exhaustion was an affirmative defense rather than a pleading requirement. See Jackson, 254 F.3d at 265-66. The D.C. Circuit did not reach that question, holding instead that exhaustion was mandatory and because plaintiffs failed to exhaust, the case should have been dismissed without prejudice and the court should not have ruled on the merits. See Jackson, 254 F.3d at 270.

    [3]    "[T]here is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." Starnes, 512 F.2d at 925 n.7.

    [4]    "The burdens and dangers involved in transporting a prisoner across long distances [for court appearances] are, in our opinion, a significant inconvenience to the Bureau of Prisons and will normally justify transfer." Starnes, 512 F.2d at 931.

at 931; (4) speed of final resolution, id. at 932; and (5) whether the case involves issues of national policy which require testimony of high level administrators located in Washington, D.C., id. at 932-33.  Application of these factors in plaintiff's case weigh heavily in favor of transferring venue to the Northern District of Atlanta, where FPC Atlanta is located.

Specifically, and most importantly, Plaintiff is seeking relief alleging that BOP has failed to provide kosher meals and other religious requirements of his religion.  Plaintiff's BOP records, as well as the witnesses necessary to authenticate and elaborate on them, are located at the FPC Atlanta.  Furthermore, there is little likelihood that high level Bureau officials located in Washington, D.C. would be required to testify in this case.  The transportation of Plaintiff to Washington, D.C. poses substantial safety, logistic, and financial burdens for the Bureau.  If plaintiff's presence were required in the District of Columbia for hearings, such an excursion would require government transportation to and from D.C., accompanying security personnel, housing within a secure facility in D.C., and escorts to, within, and from the courthouse.  Consequently, venue for Plaintiff's cause of action should be transferred to the Northern District of Atlanta pursuant to Title 28 U.S.C. § 1404(a), which is Plaintiff's district of incarceration.

## IV.  CONCLUSION

Based upon the foregoing, Defendants respectfully moves that its motion to dismiss for failure to exhaust administrative remedies or, in the alternative, to transfer venue be granted and

that Plaintiff's case be dismissed with prejudice.

                                           Respectfully submitted,

                                           /s/
                                        KENNETH L. WAINSTEIN, D.C. Bar #451058
                                        United States Attorney

                                           /s/
                                        R. CRAIG LAWRENCE, D.C. Bar #171538
                                        Assistant United States Attorney

                                           /s/
                                        KAREN L. MELNIK, D.C. Bar #436452
                                        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 27TH day of December, 2005, the foregoing, and the attached proposed order, were mailed postage prepaid to:

David Bitton
Reg. No. 70189-004
Federal Prison Camp
601 MdDonough Boulevard, S.E.
P.O. Box 150160
Atlanta, GA.  30315-0160

 

_____
KAREN L. MELNIK D.C. Bar #436452
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0338

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID BITTON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: 05-2045 (JDB) |
| | ) |
| **ALBERTO GONZALEZ, et. al.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss, or in the alternative, to transfer venue and the entire record herein, it is this ___ day of _____, 2005, hereby

ORDERED, that Defendants' motion to dismiss, or in the alternative, to transfer venue is hereby GRANTED; and it is

FURTHER ORDERED, that this case is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

<u>Copies of this Order to</u>:

Karen L. Melnik
Assistant U.S. Attorney
Judiciary Building
555 Fourth Street, N.W., Rm. E-4112
Washington, D.C.  20530

        and

David Bitton
Reg. No. 70189-004
Federal Prison Camp
601 McDonough Boulevard, S.E.
P.O. Box 150160
Atlanta, GA.  30315-0160