# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DAVID BITTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-2045 (JDB)** |
| | ) | |
| **ALBERTO GONZALES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| _____ | ) | |

## DECLARATION OF MARLI J.P. KERRIGAN

I, Marli J.P. Kerrigan, hereby declare and state the following:

1. I am an Assistant General Counsel for the Federal Bureau of Prisons in Washington, D.C. I have been employed as an attorney with the Federal Bureau of Prisons since January 2001.

2. Plaintiff David Bitton is currently serving a 95-month aggregate sentence for conspiracy to possess with intent to distribute and possession with intent to distribute methylenedioxymethamphetamine in violation of 21 U.S.C. §§ 846, 841. Plaintiff is currently incarcerated at the Federal Prison Camp in Atlanta, Georgia (FPC Atlanta). His Registration Number is 70189-004. Plaintiff's projected release date is August 25, 2010. See Sentry Public Information Inmate Data.

3. Under 28 C.F.R. § 542.10-542.18, "Administrative Remedy Procedure for Inmates," the Bureau of Prisons has implemented a procedure that inmates must use to make complaints about any aspect of their confinement. Under this procedure, an inmate must first address his complaint informally with the institution staff. If informal resolution is unsuccessful, the inmate

may file a formal complaint with the warden of the institution where he is incarcerated.  If the
inmate is not satisfied with the warden's response, he may appeal his concerns to the Regional
Director.  If dissatisfied with the Regional Director's response, the inmate may finally appeal to
the Office of General Counsel in the Central Office of the Bureau of Prisons.

     4. On December 15, 2005, I searched the Sentry computer system in the Central Office of
the Bureau of Prisons for all the administrative remedies filed, to date, by David Bitton, BOP
Register No. 70189-004.

     5. Plaintiff filed an administrative claim regarding his religious diet at the institution
level only.  The Warden denied the request for administrative remedy on December 14, 2005.
Plaintiff has twenty days to appeal the Warden's response to the Regional Director.   See 28
C.F.R. § 542.15(a).  He has not filed a claim regarding his religious diet or any other aspect of his
Orthodox Jewish faith at the regional or central office levels.

     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true
and correct to the best of my knowledge.

     Executed this 16th day of December 2005 in Washington, D.C.

Marli J.P. Kerrigan
Assistant General Counsel
Litigation Branch
Federal Bureau of Prisons

## PART B-RESPONSE TO ADMINISTRATION REMEDY NO. 395700-F1

Inmate Name: Bitton, David                          Reg. No. 70189-004

This is in response to your Administrative Remedy receipted November 22, 2005, wherein you claim the common fare meals you have been receiving are not served at the correct temperatures, insects have been on your tray, and serving portions are not adequate. Additionally, you claim your food is not served properly, the instruments used to handle meat/pork products are not properly wrapped, and frozen items have been defrosted and cooked meats have significant signs of blood.

Program Statement 4700.04, Food Service Manual, chapter seven, page one, section three, states: "To the extent practicable a hot entree shall be available to accommodate inmate's religious dietary needs. e.g., Kosher and/or Halal products." We serve Kosher entrees not Halal because of the availability to this institution. Proper holding temperatures hot/cold are being maintained according to policy and procedures.

Program Statement 4700.04, Food Service Manual, chapter seven, page two, states: "Separate cutting boards, knives, scoops, food inserts and any other necessary items used in the production of food for the common fare diet shall be provided." All of these items are in place during the production and preparation of the common fare feeding program. The utensils, and other items are identified as common fare only and stored separately from mainline utensils.

Program Statement 4700.04 Food Service Manual, chapter seven, page one, section four, states: "All foods purchased shall be fully prepared, ready to use and certified by a recognized Orthodox Standard, such as: K, (k), (K within brackets), "CRC ." Therefore, there could not be blood in the entree as you claim because the entrees come fully prepared. The entrees are cooked in a micro wave oven from a frozen state and never defrosted.

Some food items on the common fare tray are weighed with a scale for accuracy to meet recommended daily allowances. We meet or exceed all applicable nutritional recommendations for the common fare program. All Religious Diet menus are submitted to outside Registered Dieticians for analysis of compliance to policy. In reference to your allegation of insects being on your food tray, our safety department is tasked with spraying insecticide in various areas of the institution on a routine basis, to control all insect and rodent issues. Please report any future incidents to the food service staff immediately. You also alleged staff would not allow you to take your holiday (Rosh Hashana) religious diet meal out of the food service dining room, but you failed to provide evidence of this denial. Therefore, your Request for Administrative Remedy is denied. If dissatisfied with this response, you may submit an appeal on the appropriate form (Regional Administrative Remedy Appeal/BP-10) within 20 calendar days of the date of this response to the Southeast Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia, 30331-6226.

_M. Zenk_                                    _12/14/05_
M. Zenk, Warden                              Date