IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID BITTON,
SALEEM PORTER,

    Plaintiffs,

v.                              CASE NO. 05-CV-2045 JDB

ALBERTO GONZALES, Attorney General,
U.S. DEPARTMENT OF JUSTICE,
HARLEY G. LAPPIN, Director,
FEDERAL BUREAU OF PRISONS,
SUSAN VAN BAALEN, Chief Chaplain,
THREE UNKNOWN NAMED EMPLOYEES
OF THE FEDERAL BUREAU OF PRISONS
FOOD SERVICE PROGRAM REVIEW TEAM
FOR ATLANTA USP 2005,

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiffs, DAVID BITTON, and SALEEM PORTER hereby file this their Complaint for Declaratory Judgment and allege as follows.

I.   PARTIES

1. David Bitton is a citizen and subject of the State of Florida, currently confined to the Federal Bureau of Prisons, Atlanta, Georgia.

2. Saleem Porter is a citizen and subject of the State of Georgia, currently confined to the Federal Bureau of Prisons, Atlanta, Georgia.

RECEIVED

JAN 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3.  Alberto Gonzales is the Attorney General of the United States of America, and is charged with and has affirmatively accepted the responsibility for control and management of the federal penal and correctional institutions, classification of inmates, and to provide for the proper government, discipline, treatment, care, and rehabilitation of inmates entrusted to him pursuant to Title 18 U.S.C. §§ 4001, 4042, and the Constitution of the United States.

4.  Harley G. Lappin, is the Director of the Federal Bureau of Prisons, appointed by the Attorney General pursuant to Title 18 U.S.C. §4001(b)(1); serving directly under the Attorney General pursuant to title 18 U.S.C. §§4041, 4042, and is responsible and has affirmatively accepted the responsibility for providing suitable quarters, safekeeping, care, and subsistence of all persons convicted of offense against the United States and to safely confine offenders pursuant to the Constitution of the United States.

5.  Susan Van Baalen, is the Chief Chaplain of the Federal Bureau of Prisons, appointed pursuant to Title 18 U.S.C. §4041, and is responsible and has affirmatively accepted the responsibility for the management and programs of chaplain services within the Federal Bureau of Prisons (BOP) and to assure the compliance, and for the provisions of the BOP adhering to and for providing religiously adherent meals, and religious programs within the BOP pursuant to BOP regulation, policy, procedure, the law and the constitution of the United States.

6. Three Unknown Named Employees of the Federal Bureau of Prisons Food Service Program Review Team for Atlanta USP 2005, were charged with and accepted the duty to audit all books, records, operations, safekeeping of food, and preparation of food to insure that the food service operation was complying with regulation 28 C.F.R. §547.20; BOP, Program Statement, §4700.04, Hazard Analysis Critical Control Points (HACCP), inclusive of operation of equipment to properly refrigerate, prepare food, to be served in a safe manner, pursuant to applicable Kosher laws, pursuant to Title 18 U.S.C. §4042(a)(2) and the Constitution of the United States.

II. JURISDICTION AND VENUE

7. Jurisdiction is invoked pursuant to the First Amendment of the United States Constitution.

8. Jurisdiction is invoked pursuant to the Religious Freedom Restoration Act, Title 42 U.S.C. §§2000bb, et. seq., (RFRA); and the Religious Exercise in Land Use and by Institutionalized Persons Act, Title 42 U.S.C. §§2000cc, et. seq., (RLUIPA).

9. Jurisdiction is invoked pursuant to the Administrative Procedures Act, Title 5 U.S.C. §§701, et. seq., (APA).

10. Jurisidction is invoked pursuant to Title 28 U.S.C. §1331 as there is a federal question in controversy.

11. Venue is proper pursuant to Title 28 U.S.C. §1391(e) as the defendants in the action committed acts while in office in a national capacity and executed those policies in Washington D.C.

III. FACTUAL ALLEGATIONS

12. Plaintiff David Bitton is an Orthodox Jewish inmate.

13. Plaintiff Saleem Porter is an Sunni Muslim.

14. Plaintiff David Bitton is not properly classified in the BOP due to the fact that his religious orthodoxy requires a minion for prayers of reading the Torah scroll and the institution in which the Plaintiff is incarcerated has no Torah and does not have ten male members of the Orthodox Jewish faith (Minion) but other institutions within the Southeast region make these programs available; whereas Plaintiff would be properly classified to either the Federal Prison Camp, Miami, Florida; Montgomery, Alabama; or Pensacola, Florida.

15. Plaintiff have requested religiously adherent meals under Kosher standards as these standards also meet Halal standards for Plaintiff Porter.

16. The Defendants regulations and policies provide menus commonly known as "Common Fare" based upon a two week menu cycle providing mainly raw vegetables, and a meat or protein entree' for each meal.

17. Defendants regulations, policies and procedures do not provide sufficient safeguards to provide the plaintiffs with Kosher meals.

18. Pursuant to National policy the defendants do not provide Kosher meals, especially at the Federal Prison Camp, Atlanta, Georgia, the defendants do not meet kosher standards

the preparation area is infested with insects, does not have proper refrigeration, does not have kosher sanitizing facilities, the knives being used in the common fare area are not kosher, the pans are not kosher, and the meals are not prepared in a manner consistent with the provisions of kosher standards.

19. Plaintiff David Bitton has not eaten from the Food Service Department since September, 2005 when the kosher standards were brought to the attention of the Jewish Rabbi Yossi Lerman; plaintiff has had to eat solely through the purchase kosher commissary items such as canned tuna, mackeral fillets and similar items as the commissary does not purchase kosher meals.

20. Defendants have served meals labeled as kosher that have had the package broken open and the entree' served was acrid and had green mold on it infecting the chicken item.

21. Defendants do not provide kosher bread or bread that is non-dairy on a continuous basis.

22. Plaintiff Saleem Porter has exhausted his administrative remedies, Plaintiff David Bitton has also filed administrative remedies, the defendants have been made aware of the failure to provide kosher meals, have been made aware of the mechanical services department refusing to repair and provide proper refrigeration which led to severe cases of food poisoning on September 5, 2005.

23. Plaintiff Bitton must purchase his own food items from the inmate commissary and his consumption of food is based solely on the spending limit of $290.00 monthly; the items purchased are priced similar to that of a local convenience store and therefore plaintiff Bitton cannot eat meals as compared to similarly situated inmates.

24. During the month of October, 2005 the Food Service Department and the local chaplaincy permitted the plaintiff Bitton to take unprepared common fare trays for his personnel preparation in a kosher manner in his unit.

25. On the eve of Rosh Hashana, the defendants and the the local food service personnel took retribution against the plaintiff and told him he could not take the unprepared vegetable for personnel preparation in a kosher fashion.

26. Acting on the eve of the High Holy Days the BOP personnel knew that the plaintiff would not be able to contact family, friends, or other Jewish officials as they would all be observing the high Holy Days and therefore the plaintiff during the Rosh Hashana period was unable to eat any other food items other then those items purchased through the inmate commissary; the only items provided to the plaintiff were dinner rolls and honey.

27. Defendnts do not provide subsistence to the plaintiff commensurate with the dictates of the plaintiff's faith.

28. At sentencing the sentencing court in its judgment and commitment order specifically recommended that the plaintiff

Bitton be housed at the Federal prison Camp, Miami, Florida due to the availability of religious services at the facility.

29. Plaintiffs over the last year have attempted on numerous occasions requesting that defendants provide kosher meals, prepared in a kosher manner, properly refrigerated, and prepared in a sanitary manner.

30. On September 15, 2005 Othodox Jewish Rabbi Yossi Lerman met with the local food service personnel and advised them of the completely unacceptable manner in which the kosher food was being provided.

31. Local food service personnel based upon the BOP regulations, and policies have refused to provide proper facilities for the compliance with kosher standards.

32. On or about October 5, 2005 Correctional Officer Parsons refused to allow the Plaintiffs to take their unprepared food items to their units to prepare them in a kosher manner; notwithstanding the fact that Cook Foreman Durrance informed Parsons the problems with complying with the Common Fare rules at the Federal Prison camp.

33. On or about October 5, 2005 correctional officer Parsons made disparaging remarks about the Jewish faith to Cook Foreman Durrance. As part of these derogatory statements Parsons stated that he intended to take retribution against the plaintiffs due only to their faith, and request to obtain kosher food items commensurate with the dictates of their faith.

34. In order to comply with the dictates of the Jewish faith for kosher guidelines, defendants issued a National Memorandum advising all wardens to allow Jewish inmates to take their common fare trays to their respective dormitories if the inmate so requests in order to comply with kosher standards.

IV. CLAIMS

COUNT I
VIOLATION OF FIRST AMENDMENT TO THE U.S. CONSTITUTION

34. Paragraphs 1-33 are hereby incorporated by reference as if set forth at length herein.

35. Defendants have failed and/or refused to allow plaintiffs to comply with the dictates of their faiths by maintaining kosher or Halal eating habits, performing rituals at prescribed times, have substantially burdened the free practice of their faith, and ahve refused to comply with the Constitutional guarantees under the First Amendment by allowing the plaintiffs to follow the dictates of their respective faiths.

COUNT II
VIOLATION OF RELIGIOUS FREEDOM RESTORATION ACT

36. Paragraphs 1-35 are hereby incorporated by reference as if set forth at length herein.

37. Defendants have substantially burdened the practice of plaintiffs Orthodox Jewish faith and the Sunni Muslim faith, by refusing and/or failing to allow the plaintiffs to comply with the Kosher or Halal requirements of their faith as defendants have not provided subsistence to the plaintiffs under the appropriate

laws, and regulations, policies, or procedures and under kosher standards, have deprived plaintiffs the free practice of their faith, have deprived plaintiffs of subsistence and have made and intimated and threatened to take retaliatory or retributive measures under the guise of lawful actions due only to the practice of the Jewish or Muslim faith.

## COUNT III
### VIOLATION OF THE RELIGIOUS EXERCISE IN LAND USE AND BY INSTITUTIONALIZED PERSON ACT

38. Paragraphs 1-37 are hereby incorporated by reference as if set forth at length herein.

39. Defendants have prevented, burdened, and/or otherwise prohibited plaintiffs from the practice of their faiths, have failed to correctly classify plaintiff Bitton or assign him to an institution in the BOP that can comply with the dictates of the Orthodox Jewish faith, notwithstanding repeated efforts to to bring these problems to the attention of defendants; defendants have failed or otherwise refused to abide by the law in providing kosher meals, or to allow the plaintiffs to comply with the dictates of their faith, as well as having failed or refused to repair refrigeration, storage areas, insect infestation and/or food preparation in a kosher manner.

## COUNT IV
### VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

40. Paragraphs 1-39 are hereby incorporated by reference as if set forth at length herein.

41. Defendants have published and implemented regulations, substantive rules, policies that direct the BOP facilities to

comply with the provisions of the Orthodox Jewish faith in providing kosher meals to inmates whose religious dietary standards require common fare meals to meet religious requirements; these regulations and rules require defendants to provide these meals to allow the practice of the Orthodox Jewish faith or the Sunni Muslim faith, defendants have refused or otherwise refused to provide religiously adherent meals to the plaintiffs, have deprived them of the protection of the federal regulation, substantive rule or policy, and have failed to comply with the regulations and substantive rules that defendants have passed and operate under.

COUNT V<br>
FAILURE OF DEFENDANTS TO PERFORM AN AFFIRMATIVE DUTY<br>
REQUEST FOR DECLARATORY RELIEF IN THE FORM OF A<br>
MANDAMUS TO COMPEL OFFICIALS TO DO THEIR DUTY

42. Paragraphs 1-41 are hereby incorporated by reference as if set forth at length herein.

43. Defendants have refused and/or failed to do their affirmative duty as provided by the Constitution, RFRA, RLUIPA, 28 U.S.C. §4042, BOP Regulation, rule and policy, by allowing plaintiffs the free practice of their faith; have refused to provide subsistence in a kosher manner to meet the dictates of the plaintiffs faith, have been made aware of these inadequacies and still have refused to comply with said provisions of the law.

NO OTHER AVAILABLE ADEQUATE REMEDY AT LAW

Plaintiffs have no other available or adequate remedy at law in order to protect the practice of their respective faiths; as administrative remedies relating to the compliance with kosher standards have been exhausted, informal attempts to correct the improper storage, preparation and serving of food in a kosher manner have been attempted on numerous occassions by both inmates and independent Rabbi Yossi Lerman of the Chabad Center in Atlanta, Georgia, have attempted to bring this to the attention of both local officials and the defendnts, and all other oral communications have failed to correct these deficiencies which have resulted in threats, or use of otherwise legal measures to take retribution or retaliatory measures against the plaintiffs for the pursuit to enforce the legal rights to the free practice of their faith; absent the intervention of this Court by use of declaratory judgment and/or preliminary or permanent injunctive relief plaintiffs have no other avaialble adequate remedy at law.

V.   REQUEST FOR RELIEF DEMAND FOR JUDGMENT

Plaintiffs hereby demand judgment against the defendants declaring;

    i.    Defendants practices, policies, and/or procedures to be in violation of the First Amendment of the United States Constitution;

    ii.   Defendants, practices, policies, and/or procedures to be in violation of the Religious Freedom Restoration

        Act, Title 42 U.S.C. §§2000bb, et. seq.;

iii. Defendants practices, policies, and/or procedures to be in violation of the Religious Exercise in Land Use and by Institutionalized Persons Act, Title 42 U.S.C. §§2000cc, et. seq.;

iv. Defendants practices in violation of the Administrative Procedures Act, Title 5 U.S.C. §§701, et. seq., in that defendants have failed or otherwise refused to comply with 28 C.F.R. §524, et. seq., by properly classifying plaintiff Bitton to an appropriate institution that complies with the comports of the Orthodox Jewish faith, and have refused or failed to provide plaintiff Porter with religiously adherent meals which comply with the dictates of the Sunni Muslim faith;

v. Defendants practices in violation of the Administrative Procedures Act, Title 5 U.S.C. §§701, et. seq., in that defendants have failed and/or refused to comply with 28 C.F.R. §§547, 548 et. seq., by providing subsistence in a diet nutritionally adequate under kosher standards, stored under proper refrigeration, served under appropriate temperatures pursuant to food safety guidelines, commensurate with kosher standards, free from harmful bacteria, or pathogens;

vi. Defendants practices, threatened use of retaliation by the use of seemingly legal means to exact retribution

-12-

      against the plaitniffs for the requested enforcement of their protected rights, that such retribution to be unlawful, or otherwise in violation of the plaintiffs rights under the due process clause of the U.S. Constitution;

vii. Defendants shall pay all costs of action, inclusive of attorneys fees; and,

viii. Any other and further relief the Court may deem just and appropriate to correct the allegations herein.

                    Respectfully submitted,

                    DAVID BITTON
                    Reg. No. 70189-004
                    Federal Prison Camp
                    601 McDonough Boulevard, S.E.
                    P.O. Box 150160
                    Atlanta, GA. 30315-0160-60

Dated: 1-6-06              _/s/ David Bitton_
                             DAVID BITTON

                    SALEEM PORTER
                    Reg. No. 36937-083
                    Federal Prison Camp
                    601 McDonough Boulevard, S.E.
                    P.O. Box 150160
                    Atlanta, GA. 30315-0160-60

Dated: 1-6-06              _/s/ Saleem Porter_
                             SALEEM PORTER

VERIFICATION OF COMPLAINT

I HEREBY CERTIFY under the penalties provided for perjury that the foregoing Amended Complaint is true and correct as is provided for under 28 U.S.C. §1746.

Executed this 6th day of January, 2006, in Fulton County, Atlanta, Georgia.

_____
DAVID BITTON

_____
SALEEM PORTER

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Amended Complaint was served by first class U.S. Mail postage prepaid to:

>KAREN L. MELNIK
>Asst. U.S. Attorney
>555 Fourth Street, N.W.
>Washington D.C. 20530

on this 6th day of January, 2006.

_____
DAVID BITTON