IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID BITTON,
SALEEM PORTER,

    Plaintiffs,

v.                                            CASE NO. 05-CV-2045

ALBERTO GONZALES, Attorney General,
U.S. DEPARTMENT OF JUSTICE,
HARLEY G. LAPPIN, Director,
FEDERAL BUREAU OF PRISONS,
SUSAN VAN BAALEN, Chief Chaplain,
THREE UNKNOWN NAMED EMPLOYEES
OF THE FEDERAL BUREAU OF PRISONS
FOOD SERVICE PROGRAM REVIEW TEAM
FOR ATLANTA USP 2005,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff's DAVID BITTON and SALEEM PORTER, hereby move the Court pursuant to Fed. R. Civ. P., R. 65(a), to enjoin the defendants, their employees, and agents directing that defendants provide the plaintiffs with religiously adherent meals under kosher standards, properly stored, prepared, and served to the plaintiffs as is required by the First Amendment of the U.S. Constitution, Religious Freedom Restoration Act, and BOP regulation, rule and policy, compelling the defendants to do their duty.

RECEIVED
JAN 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I.   CAUSE OF ACTION

Plaintiffs David Bitton and Saleem Porter are inmates confined at the Federal Prison Camp, in Atlanta, Georgia.  Bitton is an Orthodox Jewish adherent and Saleem Porter is a Sunni Muslim adherent.  Their faiths dictate that they consume kosher or Halal meals; these dictates are not merely whimsical or a desire, but are in fact part and parcel to the plaintiffs free exercise of their religion.

Additionally, food is required to sustain life, it is integral to the existence of humans and in the plaintiffs position the food they consume must be prepared in such a manner that it is part of their life's faith and being.  The importance of the kosher or halal requirements cannot be diminished as a simple requirement for a person only if they are not in prison; prison walls do not form a barrier to the free exercise of religion, and the free exercise of religion in the prison context for both the Orthodox Jewish faith and Sunni Muslim faith has come to mean that kosher or halal meals for the religiously adherent are required, have been generally accepted to be required by the courts, as well as by the law, and the defendants very own regulations require it.

The cause of action here is that the defendants have refused to enforce these dictates and abide by the generally accepted principles of providing these inmates with food that is kosher or halal.

Defendants' own policies require the provisions of preparing and serving kosher or halal meals in a safe, nutritious manner; it is the self-serving statements of policy by the defendants that proves nothing except that defendants are required to provide kosher or halal meals. Defendants have failed to do so, have refused to correct the errors, have refused to complete the kosher certification process and now the only alternative is to request judiciary intervention until that time when the full merits of the case can be heard; there is no other alternative. A proposed Order is attached for review.

Respectfully submitted,

DAVID BITTON
Federal Prison Camp
P.O. Box 150160
Atlanta, GA. 30315-0160-60

Dated: 1-6-06

_____
DAVID BITTON

SALEEM PORTER
Federal Prison Camp
P.O. Box 150160
Atlanta, GA. 30315-0160-60

Dated: 1-6-06

_____
SALEEM PORTER

-3-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was sent by U.S. Mail first class postage prepaid to: KAREN L. MELNIK, Asst. U.S. Attorney, 555 Fourth Street, N.W., Washington D.C. 20530 on this 6th day of January, 2006.

_____
DAVID BITTON

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID BITTON,
SALEEM PORTER,

v.                                              CASE NO. 05-CV-2045 (JDB)

ALBERTO GONZALEZ,
Attorney General,
JARLEY G. LAPPIN, Director
U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
THREE UNKNOWN NAMED EMPLOYEES
OF THE FEDERAL BUREAU OF PRISONS
FOOD SERVICE PROGRAM REVIEW TEAM
FOR ATLANTA USP,

    Defendants.
_____/

## PRELIMINARY INJUNCTION

THIS CAUSE is before the Court upon Motion for Preliminary Injunction by Plaintiffs, David Bitton, and Saleem Porter. Plaintiff Bitton is an Orthodox Jewish inmate (Amended Compl. ¶12) and Saleem Porter is a sunni Muslim inmate (Amended Compl. ¶13).

Plaintiffs allege that their faith is being substantially burdened by the defendants refusal to provide them with Kosher or Halal meals (Amended Compl. ¶27), deprived plaintiff Bitton during Rosh Hashana of Kosher meals (Amended Compl. ¶¶ 25, 26), has been subjected to disparaging remarks or threats due to his faith (Amended Compl. ¶33), and has had to purchase his own Kosher foods stocks from the inmate commissary, (Amended Compl. ¶23).

As further evidence of their claims Plaintiffs present affidavits of other inmates attesting to each of these allegations (Exhibit's in Support of Motion, <u>Affidavit of Saleem Porter</u>, attesting to foul smelling improperly prepared and non-kosher food; <u>Affidavit of David Bitton</u> attesting to non-kosher food preparation, and broken equipment creating insect and food improperly heated; <u>Affidavit of Booker Muhammad</u> attesting to rancid food, non-kosher preparation; <u>Affidavit of Daniel Levitan</u> attesting to non-kosher food preparation, improper use of non-kosher trays, knives, mixing of pork products in kosher area; broken equipment not being repaired causing improper food preparation, freezer units not working, refrigeration not working; and the <u>letter of Orthodox Rabbi Yossi Lerman</u> outlining kosher violations, improper equipment, directing that "immediate attention is Necessary.") Additionally, Plaintiffs outline their number of attempts to bring these deficiencies to the attention of the defendants without corrective action being taken.

Further, defendants have in place national policies that require that Plaintiffs be provided with kosher meals (Bureau of Prisons, program Statements §§5360.07, 4700.04) through a program referred to as "common Fare". Notwithstanding these policies defendants have not provided Plaintiffs with these required kosher meals, have served rancid food, have allowed insect infestation which has contaminated food, and as a result inmates became ill from broken equipment and improperly prepared and improperly thermalized food. (Exhibit's in Support of Motion,

-2-

Adminsitrative Remedy Request Daniel J. Levitan, Federal Tort Claim, Letter to Lisa Sunderman, Regional Counsel attesting to illness).

It appears and as further evidenced by the supporting affidavits, letters, claims that the defendants will not provide kosher meals, properly prepared, served in a kosher manner without intervention by the Court. Therefore it is hereby **ORDERED AND ADJUDGED** that the Plaintiff's Motion for Preliminary Injunction is and is hereby **GRANTED**.

Defendants, their agents and employees and those who receive actual notice or otherwise are hereby **ENJOINED** and shall forthwith provide kosher meals to the plaintiffs, in accordance with Kashruth law, properly stored, refrigerated, prepared and served commensurate with the standards outlined in the defendants regulations, practices, and policies. Within thirty (30) days hereof defendants shall file a report to the Court outlining the changes made to serve the kosher meals, and any equipment that has failed and remains broken that effects the integrity of the food served to the plaintiffs.

The Clerk of the Court shall transmit a copy of this injunctions to the U.S. Marshals Service who shall forthwith serve a copy of this order upon the defendant Harley G. Lappin, and the current warden of the Federal Prison Camp in Atlanta, Georgia.

**DONE AND ORDERED** at Washington D.C. on this _____ day of January, 2006.

---------------------------------
JOHN D. BATES
U.S. DISTRICT JUDGE

cc: Parties of Record