UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID BITTON,<br>SALEEM PORTER,          )<br>                                )<br>      Plaintiffs,         )<br>                                )     C.A. No. 05-2045 (JDB)<br>      v.                            )<br>                                )<br>ALBERTO GONZALES, et al.,  )<br>                                )<br>      Defendants.     )<br>                                ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

Defendants, by and through the United States Attorney for the District of Columbia, hereby submit their opposition to plaintiffs' Motion for Preliminary Injunction.

### INTRODUCTION

Plaintiffs David Bitton and Saleem Porter[1] are inmates in the custody of the Federal Bureau of Prisons (BOP), currently incarcerated at the Federal Prison Camp in Atlanta, Georgia. In the present motion, plaintiff Bitton, an Orthodox Jew, and plaintiff Porter, a Sunni Muslim, seek a preliminary injunction requiring defendants to provide them kosher meals. For the reasons set forth below, the motion should be denied.

### ARGUMENT

A preliminary injunction is an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion. See Cobell v. Norten, 391 F.3d 251, 258 (D.C. Cir. 2004); American Coastal Line Joint Venture v. United

---

[1] On January 12, 2006, plaintiffs filed an Amended Complaint adding Saleem Porter as a plaintiff.

States Lines. Inc., 580 F. Supp. 932, 935 (D.D.C. 1983).  In the present case, plaintiffs are not entitled to a preliminary injunction because (1) their request for injunctive relief is moot, (2) plaintiff Bitton has failed to exhaust his administrative remedies,[2] and (3) plaintiff Porter is not properly before this Court.

I.    **Plaintiffs' Request for a Preliminary Injunction Ordering Defendants to Provide Plaintiffs Kosher Meals Is Moot**

Article III of the Constitution restricts federal court jurisdiction to "actual, ongoing controversies."  See Columbian Rope Co. v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (quoting Honig v. Doe, 484 U.S. 305, 317 (1988)).  A case or claim no longer involves an actual controversy, or is considered moot, where events have so transpired that the decision will not presently affect the parties' rights or have a more-than-speculative chance of affecting them in the future.  See id.  A request for injunctive relief remains live only as long as there is some present harm left to enjoin.  See Taylor v. Resolution Trust Corp., 56 F.3d 1497, 1502 (D.C. Cir. 1995).  For example, the United States Court of Appeals for the Second Circuit found an inmate's request for preliminary injunctive relief in the form of kosher meals moot where the prison agreed to provide the inmate with kosher foods pending the outcome of the litigation.  See Jackson v. Mann, 196 F.3d 316, 322 (2nd Cir. 1999).

In the present case, plaintiffs' request for a preliminary injunction ordering defendants to provide plaintiffs kosher meals is moot because plaintiffs are currently receiving kosher meals at FPC Atlanta.  As discussed in plaintiffs' Motion for Preliminary Injunction ("Pls. Motion"), Rabbi Yossi Lerman inspected the kitchen at FPC Atlanta in September 2005, and made several

---

[2] Defendants' motion to dismiss plaintiff Bitton's complaint for failure to exhaust his administrative remedies is currently pending before the Court.

recommendations to improve the kosher standard at that facility.  See Pls. Motion at 7; Declaration of Timothy Zuppinger ("Zuppinger Decl.") (attached as Exhibit 1) at ¶ 2.  Over the last two months, staff at FPC Atlanta have implemented all of Rabbi Lerman's recommendations.  See Zuppinger Decl. at ¶ 2.  Plaintiffs Bitton and Porter are currently receiving kosher meals at FPC Atlanta.  See Zuppinger Decl. at ¶ 3.  These kosher meals are pork-free and comply with BOP policy for Muslim inmates, such as plaintiff Porter, who request a religious diet.[3]  Because plaintiffs are receiving kosher meals at FPC Atlanta, there is no present harm left to enjoin.  Thus, the Court should dismiss plaintiffs' request for a preliminary injunction as moot.[4]

## II. Plaintiff Bitton's Motion for Preliminary Injunction Must Be Denied Because He Failed to Exhaust His Administrative Remedies

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust "such administrative remedies as are available" before bringing a civil action in federal court, including a motion for preliminary injunction, regarding prison conditions.  See 42 U.S.C. § 1997e(a).  In Booth v. Churner, 532 U.S. 731, 741 (2001), a unanimous Supreme Court held that the PLRA requires inmates to complete all stages of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief.  Exhaustion is now required for all actions brought under any federal law with respect to prison conditions.  See Porter v. Nussle, 534 U.S. 516, 524, 534 (2002).  The main purpose of the grievance procedures

---

[3] Plaintiffs agree that kosher standards also meet Halal standards for plaintiff Porter.  See Amended Compl. at ¶ 15.  The only request made by plaintiffs in their Motion for Preliminary Injunction is for *kosher* meals.  See Pls. Motion at 10.

[4] Moreover, the Court should dismiss Plaintiff Porter's claims against defendants because the only relief he requests in the Amended Complaint is kosher meals.  Am. Compl. at 12-13.

is to give prison officials an opportunity to resolve the problem, relieving the courts of unnecessary litigation. See Jackson v. District of Columbia, 245 F.3d 262, 269 (D.C. Cir. 2001). Therefore, if an inmate has not exhausted his administrative remedies before filing suit, the court must dismiss the inmate's complaint. See Booth, 532 U.S. at 741; Jackson, 245 F.3d at 269. Moreover, a court must deny an inmate's motion for preliminary injunction if the inmate has failed to exhaust his administrative remedies before filing suit. See, e.g., Jeanes v. United States Department of Justice, 231 F. Supp.2d 48, 52 (D.D.C. 2002) (denying inmate's motion for temporary restraining order and preliminary injunction solely because the inmate failed to exhaust his administrative remedies); Young v. Smith, 2005 WL 2994524, * 1 (N.D. W.Va. Nov. 8, 2005) (dismissing inmate's motion for preliminary injunction for failure to exhaust administrative remedies); (Hill v. Smith, 2005 WL 2666597, *4 (M.D. Pa. Oct. 19, 2005) (dismissing inmate's complaint and motion for preliminary injunction because inmate failed to exhaust his administrative remedies).

    The BOP has implemented a three-tiered administrative remedy procedure under 28 C.F.R. § 542.10-542.18 to review any complaint regarding an inmate's confinement. The procedure requires an inmate first to file a complaint with the institution staff. If dissatisfied with the response at that level, the inmate may appeal to the Regional Director. If the Regional Director denies the inmate's appeal, the inmate may then bring a final appeal to the General Counsel in the Central Office of the Bureau of Prisons. An administrative remedy is not considered exhausted until the last level of review is completed.

    Here, plaintiff Bitton failed to exhaust his administrative remedies before filing his original complaint as well as the present motion for preliminary injunction. He has not filed and

appealed through each level of review any administrative remedy regarding BOP's alleged failure to provide him Kosher meals or any other alleged infringement on the practice of his Orthodox Jewish faith.  See Second Declaration of Marli J.P. Kerrigan ("Kerrigan Sec. Decl.") (attached as Exhibit 2) at ¶ 5.  Plaintiff filed an administrative remedy regarding his religious diet at the institution level, which was denied on December 14, 2005.  See Kerrigan Sec. Decl. at ¶ 5.  Plaintiff then appealed his claim to the Southeast Regional Office.  Id.  On January 13, 2006, the appeal was rejected for failure to provide a copy of his institution claim and/or response.  Id.  He may resubmit a corrected appeal to the Regional Office.  Id.  Therefore, plaintiff Bitton has not completed two of the three steps in the administrative remedy process and the Court should dismiss his Motion for Preliminary Injunction and Amended Complaint for failure to exhaust his administrative remedies as required by the PLRA.

**III.   Plaintiff Porter Has "Three Strikes" And Thus Is Not Entitled To *In Forma Pauperis* Status**

To reduce the number of meritless claims filed by inmates, Congress established new standards for the grant of *in forma pauperis* status through the enactment of the PLRA.  See Chandler v. D.C. Dept. of Corrections, 145 F.3d 1355, 1357 (D.C. Cir. 1998).  The PLRA provides that an inmate who qualifies for *in forma pauperis* status is required initially to pay only a partial filing fee and then the balance of the filing fee in monthly installments.  See 28 U.S.C. § 1915(b); Chandler, 145 F.3d at 1357.

Absent imminent danger of serious physical harm, however, an inmate may not proceed *in forma pauperis* if that inmate has filed at least three prior cases while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim (commonly referred to as the

"three strikes" provision). See 28 U.S.C. § 1915(g); Ibrahim v. District of Columbia, 208 F.3d 1032, 1033 (D.C. Cir. 2000); Smith v. District of Columbia, 182 F.3d 25, 29 (D.C. Cir. 1999); Chandler, 145 F.3d at 1357. If an inmate is denied *in forma pauperis* status and fails to pay the full filing fee, the case should be dismissed. See Smith, 182 F.3d at 30.

Cases dismissed by courts prior to the effective date of the PLRA count as "strikes" under § 1915(g). See Ibrahim, 208 F.3d at 1036. Moreover, a dismissal on the merits by a district court is considered one strike and an appeal of the case that is likewise dismissed counts as a second strike. See 28 U.S.C. § 1915(g); Kalinowski v. Bond, 358 F.3d 978, 978 (7th Cir.), cert. denied, 124 S.Ct. 2843 (2004); Thompson v. Gibson, 289 F.3d 1218, 1222-23 (10th Cir. 2002); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). A complaint that is dismissed, but only in part as malicious, frivolous, or for failure to state a claim has also been held to be a strike. See Patton v. Jefferson Correctional Center, 136 F.3d 458, 464 (5th Cir. 1998): Smith v. Duke, 296 F. Supp. 2d 965, 967-68 (E.D. Ark. 2003). Properly filed *habeas corpus* petitions normally are not counted as strikes under the PLRA. See Blair-Bey v. Quick, 151 F.3d 1036, 1040-42 (D.C. Cir. 1998).

In this case, plaintiff Bitton paid a $250 filing fee when he filed his original complaint on October 17, 2005. Plaintiff Porter attempts to avoid the requirements of the PLRA by joining plaintiff Bitton in the motion for preliminary injunction. However, plaintiff has filed at least three cases or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. See, e.g., Alfredo Spavento, et al. v. U.S. Department of Justice, et al., No. 2:05-cv-2755-RLV (N.D. Georgia Nov. 18, 2005) (dismissing case for failing to file individually pursuant to 28 U.S.C. § 2241) (Order attached as Exhibit 3); Saleem Rafeeq Porter v. Jeffery W. Frazier and

6

Maj. Ted H. Hull, No. 1:03-cv-249-GBL (E.D.V.A. March 15, 2004) (case dismissed pursuant to Fed. R. Civ. P. 12(b)(6)) (Docket Report attached as Exhibit 4); Porter v. Frazier, et al., No. 04-6629 (4th Cir. August 5, 2004) (affirming decision of district court dismissing the case pursuant to Fed. R. Civ. P. 12(b)(6)) (Docket Summary attached as Exhibit 5). Furthermore, plaintiff's motion for preliminary injunction does *not* allege that he is in imminent danger of serious physical harm.

Because plaintiff Porter has three strikes under the PLRA, this Court should require plaintiff to pay the full filing fee, stay this action pending plaintiff's payment of the full filing fee, and dismiss this action if he fails to pay.

## CONCLUSION

For the reasons set forth above, defendants respectfully request that plaintiffs' Motion for Preliminary Injunction be denied.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

/s/
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

/s/
KAREN L. MELNIK DC BAR # 436452
Assistant United States Attorney
555 4TH Street, N.W. Rm. E-4112
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 24TH day of January, 2006, the foregoing, and the attached proposed order, were mailed postage prepaid to:

David Bitton
Reg. No. 70189-004
Federal Prison Camp
601 MdDonough Boulevard, S.E.
P.O. Box 150160
Atlanta, GA.  30315-0160

and

Saleem Porter
Federal Prison Camp
601 McDonough Boulevard, S.E.
P.O. Box 150160
Atlanta, GA.  30315-0160

_____
KAREN L. MELNIK D.C. Bar #436452
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0338

3