FILED IN CHAMBERS
U.S.D.C. Atlanta

NOV 18 2005

LUTHER D. THOMAS, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALFREDO SPAVENTO, et al., | : | PRISONER CIVIL RIGHTS |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:05-CV-2755-RLV |
| | : | |
| U.S. DEPARTMENT OF JUSTICE, et al., | : | |
| Defendants. | : | |

### ORDER

Plaintiffs, currently incarcerated at the United States Penitentiary in Atlanta, Georgia, submitted the instant pro se civil rights action that challenges the Federal Bureau of Prison's ("BOP's") calculation of their good time credits based on "time served" rather than on the "sentence imposed." (Doc. No. 10 at 4-8.) Plaintiffs seek declaratory and injunctive relief that directs the BOP to award them "54 days of Good Conduct Time per year of the sentence imposed." (Id. at 8.) Plaintiffs admit that some of them have exhausted their administrative remedies with the BOP and that others have not, in that such exhaustion would be duplicitous of the fruitless attempts of other prisoners. (Id. at 7-8.)

Claims whose success will result in an earlier release from prison must be brought pursuant to 28 U.S.C. § 2241. See Preiser v. Rodriguez, 411 U.S. 475, 487

AO 72A
(Rev.8/82)

(1973). Further, a prisoner seeking earlier release from federal prison pursuant to § 2241, must exhaust the BOP's administrative remedies. See Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir.1992); see also Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir. 1994) (describing the BOP's three-step administrative remedy program and stating that "[a]n inmate has not fully exhausted his administrative remedies until he has appealed through all three levels").

Plaintiffs must bring their claims under § 2241. See Preiser, 411 U.S. at 487. Further, Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 cases under Rule 1(b), requires that separate petitions be filed to contest separate judgments. Although Plaintiffs do not contest "judgments" per se, because Plaintiffs received different sentences, are entitled (or not entitled) to good time credit on an individual basis, and must each exhaust their administrative remedies, this Court finds that, in accord with the Rule 2(e), Plaintiffs must file separate § 2241 petitions. Therefore, rather than converting the instant action to a § 2241 petition, it is dismissed without prejudice to Plaintiffs filing separate § 2241 petitions should they choose.[1]

---

[1] It is noted that the claim raised by Plaintiffs lacks merit. See 18 U.S.C. § 3624; 28 C.F.R. § 523.20; White v. Scibana, 390 F.3d 997, 1003 (7th Cir. 2004) (deferring "to the Bureau's reasonable interpretation of the statute, which awards the

2

AO 72A
(Rev.8/82)

**IT IS THEREFORE ORDERED** that the instant civil rights complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 18th day of Nov., 2005.

ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

---

credit for each year served in prison rather than each year of the sentence imposed"); see also Moreland v. Fed. Bureau of Prisons, _ F.3d _, 2005 WL 3030414 (5th Cir. 2005); Sash v. Zenk, _ F.3d _, 2005 WL 2766782 (2nd Cir. 2005); Yi v. Fed. Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 173 (3rd Cir. 2005); Perez-Olivio v. Chavez, 394 F.3d 45, 52-53 (1st Cir. 2005); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1267 (9th Cir 2001).

3

AO 72A
(Rev.8/82)