Leave to file GRANTED

*[signature]* 2/8/06

John D. Bates
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID BITTON,
SALEEM PORTER,

    Plaintiffs,

v.                                        CASE NO. 05-2045 (JDB)

ALBERTO GONZALES, et. al.,

    Defendants.
_____/

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION; AND IN FURTHER SUPPORT
OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

    Plaintiffs, Saleem Porter and David Bitton hereby file this reply and objections to the defendant's opposition to their motion for preliminary injunction; and further state the following in further support of their request for preliminary injunction.

    The request for preliminary injunction centers on the fact that the defendants have failed to provide Kosher food to the plaintiff's as they are an Orthodox Jewish inmate and a Sunni Muslim. The defendants claim that the plaintiffs have failed to exhaust their administrative remedies, that Saleem Porter has three strikes against him under the PLRA and must pay a filing fee in order to be included in the present action, and that defendant now are providing Kosher food and as a result the case is moot. For the following reasons defendants facts are untrue and the request for preliminary injunction should be granted.

1.  Federal Rules of Civil Procedure, Rule 15
    Allows a Plaintiff to Amend his Complaint
    Once as a Matter of Course if the Defendant
    has not Answered the Complaint.

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. See, F.R.Civ. P., R. 15(a).

Nothing in this rule states that the plaintiff joined in the action is required to pay the filing fee when the filing fee has already been paid. Plaintiffs in this action have paid in full the filing fees required by the Court, have paid for the service of process and have complied with payment of all required costs and fees the Court requires. To now claim first that Saleem Porter must now pay the filing fee again is tenuous at best. Plaintiff Porter has a real interest in the action has been joined in the action and is due relief.

2.  Defendants Admit that they are Required to Provide
    Kosher Meals to the Plaintiffs; Provide a False and
    Fraudulent Affidavit Claiming that Kosher Meals are
    Being Served, and Preliminary Injunctive Relief is
    Proper Due to the Admission.

Attached hereto are affidavits of eyewitnesses attesting to the fact that defendants have failed to provide Kosher meals, that those meals are not being provided due to lack of staff supervision, that Plaintiff Bitton has not even entered the Food Service area for over some 4 months, and that plaintiffs are not being provided religiously adherent meals. See Exhibits.

Rabbi Lerman has inspected the common fare area on three occasions. Each and every time the Rabbi has inspected the area he has advised staff that it is not Kosher, that it is infested with insects, that staff fail to adequately supervise the area allowing inmates to heat non-kosher items in the area, staff heating non-kosher food items in the area, and the general lack of care for the compliance with religious dietary laws. Most importantly is the fact the Food Administrator Tim Zuppinger, has not personally inspected the area, does not make regular reviews of the Camp Food Service, and fails to properly supervise and train his personnel on the handling of Kosher food items.

These requirements of providing religiously adherent meals are mandated by the Constitution, the law and precedent. The affidavit provided by Mr. Zuppinger, who has not even personally inspected the facility or who has not supervised the area for any amount of time is based upon the proposition that he hopes the area is Kosher; but it is not. Mr Zuppinger's affidavit is absolutely false, is perjurous and is material to the defense of this action. The affidavit attested to under the penalties of perjury is meant only to defend the position of the defendants and they have used this affidavit in a material sense, but it cannot be believed as the simplest and last requirement in Rabbi Yossi Lerman's letter in September, 2005 and again here as an exhibit is the fact that no one has requested that the Rabbi certify the area as Kosher. Certification cannot be attained,

it cannot be attained because the food served is not Kosher, Rabbi Lerman attempted on three occassions to inspect the area and each and every time there were major violations of Kosher law, preventing the service of Kosher food.

When on the last inspection on or about January 19, 2006 the Rabbi found the same knife that had been used on non-kosher food items still being used, that dairy products were being prepared and mixed with meat items which were also not kosher, that non-kosher food was being introduced into the common fare room, that inmates were eating in the common fare room, items also non-kosher, i.e. catfish, chicken, beef, cornbread, etc., and that those same itmes were being heated in the allegedly Kosher microwave. Only one staff member Mr. R. Pinta the cook foreman in the morning has attempted to bring the room into compliance, but it is the absolute failure of other staff refusing to proeprly supervise the area that has allowed the continued failure to provide kosher food.

The Court should hold a hearing on the veracity of the affidavit filed by the defendants and determine whether an order of contempt has occurred and whether or not the affidavit filed was provided in a fraudulent manner and whether or not the defendants have perjured themselves in an effort to dissuade the Court from entering a Preliminary Injunction. A crime has likely occurred and the proper referrals should be made by defendants counsel to the Office of Inspector General.

3. Plaintiff Saleem Porter has Exhausted His
Administrative Remedies and Plaintiff
David Bitton Has Vicariously Exhausted His
Administrative Remedies.

Plaintiff Saleem Porter exhausted his administrative remedies on November 3, 2005 underremedy id. 376601-Al. Plaintiff David Bitton is of the same class and is the same class of plaintiff Porter and therefore has vicariously exhausted his remedies. See, Chandler v. Crosby, 379 F.3d 1278 (11th Cir. 2004) (Prison Litigation Reform Act's (PLRA's) exhaustion requirement was satisfied, . . . where one class member exhausted his administrative remedies . . . 42 U.S.C.A. 1997e(a)). Exhaustion of the remedies have been completed; even so imminent danger exceptions to this area could be applied as what is more important as to be provided with food while in prison; there is no other source. Plaintiffs are being served non-kosher food, their religion dictates it and the defendants own policy, regulations and laws require it.

MEMORANDUM OF POINTS AND AUTHORITIES

a. Fed. R. Civ. P., R. 15 Provides a Plaintiff Party
to Amend Once as a Matter of Course and Provides
for the Addition of Plaintiff Parties

Rule 15 allows a party to amend his pleading once as a matter of course if a responsive pleading has not bee filed. Defendants have filed only a Motion to Dismiss which is not considered a responsive pleading. See, Confederate Memorial Ass'n, Inc. v. Hines, 995 F.2d 295 (D.C. Cir. 1993) (Rule 15(a) allows a party to "amend the party's pleadings once as a matter of course at any time before a responsive peladings is filed." As a motion to dismiss is not ordinarily considered a "responsive pleading" under Rule 15(a)

[plaintiff's] c[an] amend[] their complaint as of right prior to the court's decision on the motions). i.e., <u>Government of Guam v. American President Lines</u>, 28 F.3d 142, 150 (D.C. Cir. 1994). Further, through the amended complaint the pleading added Porter as a plaintiff to the action, he has exhausted adminsitrative remedies and thereby the class which requests the defendants provide them with common fare meals which is the Kosher program in the BOP, defendants have admitted to being required to do so by amending under Rule 15 Porter has been properly added as a plaintiff. <u>See</u>, <u>Levitan v. Ashcroft</u>, 281 F.3d 1313, 1316 (D.C. Cir. 2002) ([Levitan] brought suit . . . against the Director of BOP . . . alleging that the Program Statement violated his First and Fifth Amendment rights. [Levitan] subsequently amended his complaint to add additional plaintiffs, all of whom were then inmates at the prison.). Porter has been properly added as a plaintiff party and is not required to pay an additional filing fee which has already been paid.

    b.    Defendants False Satements that Kosher Meals are Being Provided are Belied by Plaintiff's Affidavits; and Even Assuming Arguendo if Defendants are Providing Kosher Meals there is No Evidence Defendants Will not Again be Recalcitrant and Fail to Provide Kosher Meals Without Court Intervention.

Defendants are not providing kosher meals as alleged in the affidavit of Tim Zuppinger. <u>Def'ts</u> <u>Opposition</u>, Zuppinger Decl. The Rabbi has not been requested to certify the food served as Kosher, non-kosher food continues to be allowed into the room

that is supposed to be kosher, See, Declaration of Saleem Porter; Letter of Rabbi Yossi Lerman; Declaration of David Bitton, staff fail to properly supervise the introduction of non-kosher items into the common fare room, the knife being used is still not kosher as it has been used to cut and prepare non-kosher items. Id. Letter, Declarations, and there is a general and complete disregard for food safety and preparation. See, Levitan, et. al. v. Gonzales, et. al., U.S.D.C.-D.C. No. 06-CV-31 (GK) (Food Poisoning resultant of improper food preparation, handling, lack of oversight by food service officials, failure to repair equipment including coolers, failure to perform duties, falsification of documents) Id. Levitan at DE #1 Complaint for Declaratory Judgment.

It is a pervasive failure to perform job functions that has led to the failure of defendants to provide Kosher meals. Absent a Court Preliminary Injunction the defendants will continue recidivist activities that deprive the plaintiffs of religiously protected Constitutional rights.

Even were the Court to assume that the issue is moot there are two exceptions to the mootness standard: "The exception applies when '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Columbian Rope Co. v. West, 142 F.3d 1313,1317 (D.C. Cir. 1998); but that is not the case here. The failure of prison officials to provide Kosher

meals is a religiously protected right, it is clearly established, that "(1) 'prison officials must provide a prisoner a diet that is consistent with his religious scruples,' Bass, 976 F.2d at 99; and (2) the Free Exercise Clause affords protection to religious beliefs which are "sincerely held," Patrick, 745 F.2d at 157, see, Jackson v. Mann, 196 F.3d 316, 321 (2nd Cir. 1999). The defendants actions are completely unreasonable, and could subject them to personal liability under Bivens.[1/] Not to mention the perjured declaration of Tim Zuppinger is a coordinated effort to unlawfully end litigation. There exists a case of actual controversy at issue and the request for injunctive releif remains live as there is present harm and future harms left to enjoin.

By the perjured declaration of Tim Zuppinger the defendants are attempting to evade review by the Court and claiming mootness. Due to the likelihood that the defendants actions are "capable of repetition, yet evading review" Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); see also, Guardian Moving & Storage Company v. ICC, 952 F.2d 1428, 1432 (D.C. Cir. 1992), see, Christian Knights of KKK v. District of Columbia, 972 F.2d 365, 369 (D.C. Cir. 1992). The Court should issue its injunction as the law is settled with regards to the plaintiff's request for protection of their religious liberties.

---

1/   Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 29 L.Ed.2d 619, 91 S.Ct. 1999 (1971).

c.  Plaintiffs Have Exhausted Their Administrative
    Remedies With Respect to Claims.

Plaintiff Porter began the Administrative Remedy Process stating that "I am not being provided with properly prepared Common Fare Meals, the meals are not in conformity with amounts and not in compliance with the Common Fare menu. The temperatures are not being maintained for hot or cold food. Insects have been in my food also." Request for Informal Resolution. 28 C.F.R. §§ 542.10-542.18. The request was "unable to informally resolve." This process began on April 22, 2005. Plaintiff requested that the defendants "comply with the regulations and religious laws concerning the preparation of common fare, hold the food at the correct emperature (hot 140°+ of cold 40°-) and spray and evacuate for insect infestation." Institutional Remedy Request. The Warden's designee denied the request.

Plaintiff then filed a Regional request which was denied on July 25, 2005. Then plaintiff filed a Central Office Appeal which included affidavits, letter of Rabbi Lerman, and a complete list of the amounts of food served on the common fare; all indicating that defendants were not complying with any of the religious laws, food safety standards, of Kosher laws when serving the food that was supposed to be Kosher. On November 3, 2005 defendants denied the third-tier appeal providing a self-serving statement contrary to all the evidence provided. See, Administrative Remedy.

-9-

Moreover, while the plaintiff was attempting to get the defendants to comply with the law, he was subjected to discrimination and disparaging comments by staff. One staff member during the breakfast meal said "I do not care about common fare" "You guys have been eating pork all your life, you want to come to jail and pull this b-------" "I got blue on I don't have to take the word of no inmate." Staff Member Mozeke who no longer is assigned to the Camp facility but has been transferred to the main part of the institution has disparaged the Muslim faith and has made these disparaging remarks on a number of occassions. It is the harboring of prejudices by staff such as Mr. Mozeke that has contributed to the failure and refusal by defendants to abide by the rules society and the Government demands. It took 8 months to complete the administrative remedies procedure which began in early 2005. Almost one year has elapsed and still defendants fail to provide Kosher food.

David Bitton a party to this action has completed his administrative remedies through vicarious exhaustion. In addressing this same issue of prison conditions the Elventh Circuit reviewing a case for Eighth Amendment claims found that to have each and every member of the action complete individual remedies was not the intent of Congress, but because one of the plaintiffs had completed administrative remedies with respect to the conditions on the very same issue, the other parties were found to have

-10-

"vicariously exhausted" their administrative remedies. See, Chandler v. Crosby, 379 F.3d 1278 (11th Cir. 2004). The word "vicarious" has sufficient legal meaning in this context.

> Vicarious, Performed or suffered by one person as substitute for another; indirect; surrogate.

See, Black's Law Dictionary, Seventh Edition.

> Vicarious, serving instead of someone or something else; that has been delegated; performed or suffered by one person as a substitute for another or to the benefit or advantage of another.

See, Merriam-Webster's Collegiate Dictionary, Tenth Edition.

> Vicarious, performed, exercised, received, or suffered in place of another, vicarious punishment, taking the place of another person or thing; acting or serving as a substitute.

See, Webster's Encyclopedic Unabridged Dictionary of the English Language, Deluxe Addition.

As the plaintiff's have exhausted their administrative remedies, defendants refusal to provide Kosher food and the fact that David Bitton has not even entered the Food Service area for some 4-5 months and is not being served Kosher meals the preliminary injunction would be appropriate.

Respectfully submitted,

SALEEM PORTER
Federal Prison Camp
601 McDonough Boulevard, S.E.
P.O. Box 150160
Atlanta, GA. 30315-0160

Dated: 2/2/06

*/s/ Saleem Porter*
SALEEM PORTER

DAVID BITTON
Federal Prison Camp
601 McDonough Boulevard, S.E.
P.O. Box 150160
Atlanta, GA. 30315-0160

Dated: 2-2-06                                  _____
                                               DAVID BITTON

### VERIFICATION AND DECLARATION

I HEREBY CERTIFY under the penalties provided for perjury that the foregoing is true and correct and pursuant to 28 U.S.C. §1746.

Executed: 2/2/06                               _____
                                               SALEEM PORTER

Executed: 2-2-06                               _____
                                               DAVID BITTON

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. Mail postage prepaid to: KAREN MELNIK, AUSA, 555 Fourth Street, N.W., Washington D.C. 20530 on this 2 day of February, 2006.

                                               _____
                                               DAVID BITTON

-12-