# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DAVID BITTON,

       Plaintiff,[1]

         v.

ALBERTO GONZALES, *et al.*,

       Defendants.

Civil Action No.  05-2045 (JDB)

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's motion for preliminary

injunction and defendants' motion to dismiss or, alternatively, to transfer this action to the United

States District Court for the Northern District of Georgia.[2]  For the reasons stated herein, the

---

[1]      The Amended Complaint purports to assert claims on behalf of plaintiff Bitton and of another inmate, Saleem Porter, a Sunni Muslim.  *See* Amd. Compl. ¶¶ 2, 13, 15.  Porter will be dismissed as a party to this action for his failure to comply with the requirements of the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915.  Even though Bitton paid the filing fee in full, Porter, too, must submit both "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor," and a "certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(1), (2).  Porter submits neither document.  Furthermore, defendants demonstrate that Porter has accumulated "3 strikes" under 28 U.S.C. § 1915(g).  *See* Defs.' Opp. to Pl.'s Mot. for Prelim. Inj., Ex. 4-5.  He therefore is barred from proceeding *in forma pauperis* absent a showing that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

[2]      On December 27, 2005, the Court issued an Order directing plaintiff to submit an opposition or other response to defendants' motion on or before January 30, 2006.  The Order also advised plaintiff that, if he failed to file an opposition timely, the Court might treat the

(continued...)

Court will dismiss this action without prejudice.

## I. BACKGROUND

Plaintiff is an Orthodox Jewish inmate who currently is incarcerated at a Federal Prison Camp in Atlanta, Georgia.  His religious practice "requires a minion for prayers of reading the Torah scroll," but there are not "ten male members of the Orthodox Jewish faith" for a minion at the facility where he is housed.[3]  *Id.* ¶ 14.  In addition, he alleges that the facility does not provide him meals "prepared in a manner consistent with the provisions of kosher standards" as his religious practice requires.  *Id.* ¶ 18.  He alleges that the food items provided are infested with insects, improperly refrigerated, and otherwise unfit for consumption.  *Id.* ¶¶ 18, 20-21.  For these reasons, he states that he has not eaten from the Food Service Department since September 2005.  *Id.* ¶ 19.  Instead, he purchases food items at the inmate commissary or takes unprepared food from the Food Service Department for preparation in his housing unit.  *Id.* ¶¶ 23-24.

Plaintiff demands declaratory and injunctive relief.  He moves for a preliminary injunction, pursuant to which defendants would be ordered to "provide the plaintiff[] with religiously adherent means under kosher standards, properly stored, prepared, and served to the plaintiff[]" as is required by the First Amendment to the United States Constitution, the Religious Freedom Restoration Act, *see* 42 U.S.C. § 2000bb *et seq.*, the Religious Exercise in Land Use and by Institutionalized Persons Act, *see* 42 U.S.C. § 2000cc *et seq.*, and by Federal Bureau of

---

[2](...continued)
motion as conceded.  To date, plaintiff has submitted neither an opposition nor an extension of time to file an opposition.

[3]     Plaintiff challenges his classification to the prison camp in Atlanta, asserting that placement in another prison camp in BOP's Southeast Region is preferred because other Orthodox Jewish inmates are incarcerated there.  Amd. Compl., ¶ 14.

Prisons ("BOP")  regulations regarding religious practices and food service.  *See* Pl.'s Mot. for

Prelim. Inj.  at 1.

## II.  DISCUSSION

In relevant part, the Prison Litigation Reform Act provides that:

> [n]o action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined to any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement of Section 1997e(a) is mandatory, and

"applies to all prisoners seeking redress for prison circumstances or occurrences."  *Porter v.*

*Nussle*, 534 U.S. 516, 520 (2002).  A prisoner must complete the administrative process

"regardless of the relief offered through administrative avenues."  *Booth v. Churner*,  532 U.S.

731, 741 (2001).  Even if he believes that pursuing the grievance procedures is futile, he must

follow through with those procedures.  *See id.* at 741 n.6 (finding that the Court will not "read

futility or other exceptions into statutory exhaustion requirements where Congress has provided

otherwise"); *Jeanes v. United States Dep't of Justice*, 231 F.Supp.2d 48, 50 (D.D.C. 2002) ("The

plaintiff's belief that availing himself of those grievance procedures is futile is not a sufficient

reason for bypassing portions of the administrative remedy process.").  Although a prisoner's

failure to comply with the PLRA's exhaustion requirements does not deprive the Court of

jurisdiction, it governs the timing of a prisoner's action.  *Ali v. District of Columbia*, 278 F.3d 1,

5-6 (D.C. Cir. 2002); *see Casanova v. Dubois*, 289 F.3d 142, 147 (1st Cir. 2002).  Thus, a

prisoner may file a civil action concerning conditions of confinement under federal law only after

he has exhausted the prison's administrative remedies.  *Jackson v. District of Columbia*, 254 F.3d

262, 269 (D.C. Cir. 2001).

BOP's Administrative Remedy Program "allow[s] an inmate to seek formal review of an issue relating to any aspect of his[] own confinement." 28 C.F.R. § 542.10(a). First, the inmate generally must attempt to resolve the matter informally with staff at the institution. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate then may file a formal written Administrative Remedy Request to the Warden within 20 calendar days following the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may submit an appeal to the Regional Director within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). He must attach a complete copy or duplicate original of the institution Request and response to the appeal. 28 C.F.R. § 542.15(b). If the inmate is not satisfied with the Regional Director's response, he may submit an appeal to the Office of the General Counsel at BOP's Central Office within 30 calendar days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). This appeal, too, must be accompanied by a complete copy or duplicate original of the institution and regional filings and responses. 28 C.F.R. § 542.15(b). If the inmate's submission is rejected at any level, he is given written notice of the reasons for the rejection and an opportunity to resubmit his appeal within a reasonable time. 28 C.F.R. § 542.17(b).

On or about October 27, 2005, plaintiff submitted a request to the Warden for "nutritionally adequate Kosher meals, properly stored, prepared and served so that [he] can comply with the dictates of [his] Jewish faith." Pl.'s Mem. of P. & A. in Support of Mot. for Prelim. Inj., Ex. (Request for Administrative Remedy). The Warden denied his request on December 14, 2005. Defs.' Mem. of P. & A. in Support of Mot. to Dismiss, Kerrigan Decl., ¶ 5.

-4-

Plaintiff's appeal to the Regional Director was rejected on January 13, 2006 because plaintiff did not provide a copy of his institution claim and the Warden's response. Defs.' Opp. to Pl.'s Mot. for Prelim. Inj., Second Kerrigan Decl., ¶ 5. The record did not reflect whether plaintiff resubmitted his appeal to the Regional Director.[4]

Based on this record, the Court concludes that plaintiff has not completed the established inmate grievance procedure in seeking redress for alleged violations of law or regulation prior to bringing this action. Accordingly, this action must be dismissed.[5] *See Eldridge v. District of Columbia*, No. 02-7059, 2002 WL 31898173 *1 (D.C. Cir. Dec. 23, 2002) (per curiam) (upholding dismissal without prejudice for plaintiff's failure to allege or show he had exhausted District of Columbia's Inmate Grievance Procedure), *cert. dismissed*, 539 U.S. 913 (2003); *Johnson v. District of Columbia Dep't of Corrections, Transp. Unit*, No. 01-7204, 2002 WL 1349532 *1 (D.C. Cir. June 20, 2002) (per curiam) (upholding dismissal without prejudice for failure to exhaust administrative remedies because the appellant had not filed an inmate grievance); *Young v. Smith*, No. Civ.A. 1:05cv55, 2005 WL 2994524 (N.D.W.Va. Nov. 8, 2005)

---

[4]        Plaintiff concedes that he has not exhausted his administrative remedies. *See* Pl.'s Reply at 9-11. Rather, he asserts that, because Saleem Porter exhausted his administrative remedies, he "has completed his administrative remedies through vicarious exhaustion." Pl.'s Reply at 10. He relies on *Chandler v. Crosby*, 379 F.3d 1278 (11th Cir. 2004), which held that "a class of prisoner-plaintiffs certified under [Fed. R. Civ. P.] 23(b)(2) satisfies the PLRA's administrative exhaustion requirement through vicarious exhaustion, i.e., when one or more class members [has] exhausted his administrative remedies with respect to each claim raised by the class." *Id.* at 1287 (citation and quotation marks omitted). In the instant action, there is no certified class of which plaintiff and Porter are members. Furthermore, Porter will be dismissed as a party to this action, and the fact of Porter's exhaustion has no bearing on plaintiff's compliance, or lack of compliance, with the PLRA.

[5]        If plaintiff were to file a civil action upon completion of the administrative remedy process, it appears that the United States District Court for the Northern District of Georgia, the district where he is incarcerated, is the proper venue.

(dismissing complaint and denying motion for injunctive relief because prisoner had not

exhausted administrative remedies); *Jeanes v. United States Dep't of Justice*, 231 F.Supp.2d at

51 (denying motion for temporary restraining order and preliminary injunction because prisoner

had not exhausted administrative remedies).  An Order consistent with this Memorandum

Opinion will be issued separately on this same date.


                                                   _____/s/_____
                                                   JOHN D. BATES
                                                   United States District Judge

Dated: February 13, 2006